IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MOWLED AHMED ADAN,

Petitioner,

vs.

WARDEN, McCook Detention Center, et al.,

Respondents.

8:26-CV-374

ORDER

The petitioner has filed a petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody in the McCook Detention Center in McCook, Nebraska. Filing 1. The petitioner alleges that he was detained in December 2025, and that his continued detention is unlawful. *See* filing 1 at 4-6. The Court will deny his petition.

The petitioner is a citizen of Somalia who entered the United States near Otay Mesa, California on or about June 18, 2023. Filing 7 at 3. He was apprehended by the Border Patrol and released on recognizance. Filing 7 at 3; filing 7-2. In July 2025, he was ordered removed from the United States, and his application for asylum was denied. Filing 7 at 3. That decision remains on appeal. Filing 7 at 3. But on December 8, 2025, the petitioner was turned back to the United States at the Pembina, North Dakota port of entry by Canadian officials after crossing the Canadian border. Filing 7 at 3. He was detained by immigration officials and served with an administrative warrant. Filing 7 at 3; filing 7-3. An immigration judge denied his request for custody redetermination, finding that he was a flight risk. Filing 7 at 4. A subsequent request was denied for lack of jurisdiction. Filing 7 at 4. His appeal from that order remains pending. Filing 7 at 4.

Unfortunately, by crossing an international border and being presented again at a port of entry, the petitioner placed himself squarely within the mandatory detention provision of 8 U.S.C. § 1225(b)(2). Any parole status to which he might have been entitled automatically terminated when he left the United States. *See* 8 C.F.R. § 212.5(e)(1). And for the reasons explained by the undersigned in *Barrow v. Noem*, No. 0:26-CV-1029, 2026 WL 445500 (D. Minn. Feb. 17, 2026), the petitioner was an "arriving alien" who was "seeking readmission" to the United States within the plain meaning of § 1225 even before the Eighth Circuit's construction of that statute in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

The petitioner's primary argument is that his extended detention since December 2025 violates the Due Process Clause. *See* filing 1. But generally, the Due Process Clause permits the government to detain an alien for as long as deportation proceedings are still pending and removal in the reasonably foreseeable future remains a possibility. *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024). And because the petitioner was detained at a border crossing, his continued detention pursuant to § 1225(b)(2) is consistent with due process. *See Barrow*, 2026 WL 445500, at *2 (citing *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953)).[1]

---

[1] This Court has held that under some circumstances, for some aliens who have entered into and established residence in the United States, indefinite detention without a bond hearing pursuant to 1225(b)(2)(A) violates due process. *Oporta v. Mullin*, No. 8:26-CV-363, 2026 WL 2224753 (D. Neb. Aug. 3, 2026). But the petitioner's liberty interest in this case is that of an applicant for readmission detained at the international border. And "aliens who arrive at ports of entry—even those paroled elsewhere in the country for years pending removal—are treated for due process purposes as if stopped at the border." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020) (quotations omitted) (citing *Mezai*, 345 U.S. at 215).

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied.

2. A separate judgment will be entered.

Dated this 14th day of August, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge